**K–MART**

v.

**Dorothy WHITNEY.**

No. 97–139–M.P.

Supreme Court of Rhode Island.

April 29, 1998.

Christine A. D'Orsi, Earl E. Metcalf, Providence, for Plaintiff.

Daniel R. Sumner, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on April 8, 1998, pursuant to an order directing the parties to show cause why the issues raised by this petition for certiorari should not be summarily decided. The petitioner, Dorothy Whitney (Whitney), sought review of a decree of the Workers' Compensation Court Appellate Division (Appellate Division) that reduced her workers' compensation benefits by 30 percent. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown, and the case will be decided at this time.

On May 16, 1992, Whitney injured her lower back and right hip while at work as a delicatessen and restaurant manager at K–Mart. Pursuant to a memorandum of agreement, Whitney was paid total incapacity benefits commencing on May 17, 1992. In 1995, K–Mart filed a petition to review, alleging that Whitney's incapacity for work had ended

or, alternatively, that she was able to return at least to light selected work. As part of its petition to review, K–Mart also alleged that Whitney had failed to make a good faith effort to secure employment suitable to her limitations, and K–Mart therefore prayed that Whitney's benefits be reduced by 30 percent pursuant to the version of G.L.1956 § 28–33–18(b) in effect at the time Whitney sustained her injuries.[1] K–Mart's petition was heard at pre-trial on November 21, 1995, at which time a judge of the Workers' Compensation Court found that Whitney remained totally incapacitated as a result of the work-related injury she sustained in May 1992.

After a trial at which both Whitney and K–Mart presented medical evidence, the trial judge found that Whitney had reached "maximum medical improvement"[2] and reduced her benefits from total to partial incapacity. The trial judge refused, however, to impose the 30 percent reduction of Whitney's partial incapacity benefits pursuant to § 28–33–18(b) because he found that K–Mart was not entitled to the reduction. Whitney did not appeal the findings of partial incapacity and maximum medical improvement.

Arguing that the trial judge had wrongfully placed a burden on the employer of offering alternative employment to a partially incapacitated employee before the § 28–33–18(b) reduction can be imposed, K–Mart appealed the denial of the reduction to the Appellate Division. A divided panel of the Appellate Division affirmed the trial judge's findings that Whitney remained partially incapacitated as a result of her work-related injury and had reached maximum medical improvement. The Appellate Division re-

versed the trial judge in part, however, and found that K–Mart was entitled to the 30 percent reduction afforded by § 28–33–18(b). Whitney then filed the instant petition that we granted on April 24, 1997, at which time we also stayed the Appellate Division's 30 percent reduction of Whitney's benefits.

It is well settled that this Court's "review of a decree of the Appellate Division is limited to a determination of whether that tribunal erred in deciding questions of law." *Wehr, Inc. v. Truex,* 700 A.2d 1085, 1087 (R.I.1997) (per curiam) (citing G.L.1956 § 28–35–30(a)(3) and *Pion v. Bess Eaton Donuts Flour Co.,* 637 A.2d 367, 370 (R.I.1994)). "If legally competent evidence exists in support of the factual findings of the Appellate Division, those findings are binding upon this [C]ourt, and the decree of the Appellate Division must be sustained." *Wehr,* 700 A.2d at 1087–88.

The Appellate Division reversed the trial judge on the question of the 30 percent reduction because a majority of the panel found that "[a] review of the transcript indicates that the employee has not attempted in good faith to obtain employment of any nature. The record is totally silent concerning this issue." The majority concluded that the trial judge erred in placing upon the employer the burden of proving that an employee had not sought alternative employment as required by § 28–33–18(b). Without disagreeing with the majority on the allocation of burdens of proof, one judge of the Appellate Division noted in dissent that

"When this petition was filed on October 31, 1995 the employee was being paid total compensation benefits under the terms of

---

1. The Appellate Division in its decree dated February 17, 1997, determined that "[i]nsofar as the employee's injury occurred on May 16, 1992, two (2) days before the 1992 amendment [to § 28–33–18], the prior law applies." Because neither party contested this determination, we shall assume, without deciding, that the Appellate Division's determination was correct. That version of G.L.1956 § 28–33–18(b), as amended by P.L. 1990, ch. 332, art. 4, § 1 provided:

"For all injuries occurring on or after September 1, 1990, where an employee's condition has reached maximum medical improvement and the incapacity for work resulting from the injury is partial, while the incapacity for work resulting

from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to seventy percent (70%) of the weekly compensation rate as set forth in § 28–33–18(a) above. *Provided, however, that if the employee proves that he or she has attempted in good faith to obtain employment suitable to his or her limitations and has been unsuccessful, then partial incapacity benefits shall not be reduced."* (Emphasis added.)

2. "Maximum medical improvement" is a specialized term in workers' compensation practice and is defined by statute at G.L.1956 § 28–29–2(8).

a pretrial order and a memorandum of agreement addressing the injuries of May 16, 1992 and setting forth that she was totally incapacitated for work from May 17, 1992 and continuing. When this matter was pretried on November 21, 1995, there was a finding and order entered that the employee remained totally incapacitated for work and that total benefits were to continue to be paid to the employee.

" * * *

"Ruling as it has, the majority of this Appellate Panel has taken away the opportunity for this employee to perform her duty to seek employment, and also the discretion of a trial judge to take into consideration the performance of that duty. My reading of this section of the [Workers' Compensation] Act would lead me to believe that it was intended that an employee, upon receiving partial compensation benefits, would have some opportunity to actively look for work so as not to suffer the punitive reduction. To not allow an employee that opportunity in my estimation is contrary to the spirit of the Act."

 We agree with the dissenting judge that the majority of the appellate panel erred in its interpretation of the point at which an employee's obligation to seek alternative employment begins. Although it is true that the record is devoid of any evidence that Whitney sought new employment, it is also true that she was under no obligation to do so until the trial judge made his finding of partial incapacity. That finding, of course, came *after* Whitney's last opportunity to put any evidence in the record. We agree with the dissenting judge that it would be contrary to the spirit of the statute to saddle an employee with the burden of such a Catch–

22. Therefore, we hold that on the facts of this case, once an employee has been found to be only partially incapacitated and to have reached maximum medical improvement, the employee should be given a reasonable length of time in which to seek alternative employment before a hearing is held on the reduction mandated by § 28–33–18(b).[3]

Accordingly, we grant the petition for certiorari and quash the decree of the Appellate Division. The case is remanded to the Appellate Division with instructions that it direct the trial judge to grant Whitney a hearing on what, if any, efforts she has made to locate new employment in light of the determinations that she is partially incapacitated and has reached maximum medical improvement. The papers in this case may be returned to the Workers' Compensation Court with our decision endorsed thereon.

---

**3.** Section 28–33–18(b) as currently enacted requires a somewhat different inquiry by the trial judge. The present statute provides:

"For all injuries occurring on or after September 1, 1990, where an employee's condition has reached maximum medical improvement and the incapacity for work resulting from the injury is partial, while the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to seventy percent (70%) of the weekly compensation rate as set forth in subsection (a). *The court may, in its discretion, take into consideration the performance of the*

*employee's duty to actively seek employment in scheduling the implementation of the reduction.* The provisions of this subsection are subject to the provisions of § 28–33–18.2." (Emphasis added.)

Under both versions of the statute, however, an employee has no obligation to seek alternative employment while totally incapacitated for work and should not be penalized because he or she cannot offer evidence of such an employment search on the very same day that the Workers' Compensation Court first finds that the employee is only partially incapacitated.